UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORBIO MENDOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>SPADARO, et al.,<br><br>    Defendants. | No. 2:16-cv-0855 KJM CKD P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 6, 2018, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having reviewed the file, the court finds the findings and recommendations to be

/////

1

supported by the record. For the reasons explained below, the findings and recommendations will be adopted.[1]

This action is proceeding on plaintiff's claim that defendant Correctional Officer Spadaro acted with deliberate indifference to plaintiff's serious medical needs by failing to summon medical staff to treat an emergency medical episode suffered by plaintiff on April 13, 2015. ECF No. 52 at 1. Plaintiff's factual allegations, contained in his verified complaint, defendant's evidence in support of the motion for summary judgment, and certain testimony from plaintiff's deposition, are set forth in the findings and recommendations. *See* ECF No. 52 at 4-8.

The following facts are undisputed:

1. On April 9, 2015, plaintiff had symptoms of abdominal pain, dizziness, and nausea. ECF No. 1 at 8.

2. On April 12, 2015, plaintiff received a shot of Phenergan for nausea. Defendants' Statement of Undisputed Facts (DUF), ECF No. 42-3 at ¶ 8.

3. On April 13, 2015 at 11:00 a.m. defendant directed plaintiff "to a medical evaluation for complaints of nausea and dizziness." *Id*. at ¶ 6. Plaintiff had normal vital signs. *Id*. at ¶ 7. Plaintiff "was advised to return to medical for further care if his symptoms worsened." *Id*. at ¶ 9.

4. Plaintiff talked with defendant after his appointment on April 13, 2015, and defendant told him to "go 'man down' if he needed further care." *Id*. at ¶ 10. Shortly after this conversation, defendant Spadaro contacted the nurse who had seen plaintiff that morning. *Id*. at ¶ 11. The nurse told defendant "that there was nothing objectively wrong with Plaintiff, but that he should treat Plaintiff's condition as dehydration and should send Plaintiff back to medical if his symptoms deteriorated." *Id*. at ¶ 12.

5. On April 14, 2015, plaintiff was transferred to an outside medical facility for emergency treatment, *id*. at ¶ 16, after plaintiff's liver function AST and ALT levels were found to be extremely elevated. ECF No. 1 at 10 & Ex. C.

---

[1] The court corrects a typographical error at 4:5 of the findings and recommendations to set forth the full citation *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002).

In support of the motion for summary judgment, defendant presents, *inter alia*, his own declaration in which he avers that his shift ended at 14:00 hours on April 13, 2015, and that plaintiff did not seek any additional treatment after defendant spoke with the nurse and before defendant's shift ended. Spadaro Decl., ECF No. 42-5 at ¶¶ 8-9. In opposition to the motion, plaintiff asserts that on April 13, 2015 he "had another emergency experience in which he informed Officer Spadaro to please summons medical staff" and that, rather than calling medical staff, defendant Spadaro "mislead plaintiff into believing a staff assistance [sic] was on the way" and did not do anything more to help plaintiff. ECF No. 46 at 3. Plaintiff's opposition is not signed under penalty of perjury, and the mere assertions in the opposition are not evidence. *See Estrella v. Brandt*, 682 F.2d 814, 819-20 (9th Cir. 1982); *cf. Schroeder v. McDonald*, 55 F.3d 454, 460 & n.10 (9th Cir. 1995) (describing when complaint signed under penalty of perjury may serve as affidavit in opposition to summary judgment). Plaintiff provides no evidence to support this assertion. Moreover, there is no evidence when this other alleged "emergency experience" occurred relative to when plaintiff was seen by the nurse at 11:00 a.m., whether following his return from that medical visit, or prior to the end of defendant Spadaro's shift.

Thus, the undisputed evidence of record shows defendant Spadaro did send plaintiff to medical care on the morning of April 13, 2015, and plaintiff has failed to present evidence sufficient to give rise to a material issue of fact that defendant Spadaro was deliberately indifferent to plaintiff's need for additional medical care between the time plaintiff returned to his unit on April 13, 2015 and the time defendant Spadaro's shift ended that day. For this reason, defendant Spadaro is entitled to summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 6, 2018, are adopted to the extent consistent with this order.

2. Defendant Spadaro's motion for summary judgment (ECF No. 42) is granted.

3. This case is closed.

DATED: September 30, 2018.

UNITED STATES DISTRICT JUDGE